HAMLIN, Justice:
On application of the State of Louisiana, we issued a Writ of Certiorari, Art. VII, Sec. 10, La.Const. of 1921, to Honorable John S. Covington, Judge of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, ordering him to show cause why the relief prayed for by the State of Louisiana should not be granted.
By bill of information, Amos W. McIntyre was charged as follows:
“AMOS W. McINTYRE
* * * on the Ninth (9th) day of October in the year * * * (1971) * * * unlawfully attempted to commit a theft of entertainment services, valued at Seven and No/100 ($7.00), the property of L. S. U. Athletic Department, by fraud and misrepresentation.”
In answer to a motion for a bill of particulars and a supplemental motion for *806 such, the State alleged that the instant offense was committed at the Louisiana State University Football Stadium, and that the defendant attempted to commit a violation of LSA-R.S. 14 ¡67.[1] The State further alleged that the defendant was specifically charged with having attempted to commit theft of the value of the right to enter a Louisiana State University football game, and that the student identification card used by the defendant was paid for by the student to whom it was issued. (Defendant, not an LSU student, presented a borrowed — willingly loaned — ID card to the attendant at the Louisiana State University Football Stadium before a football game; he was denied admission.) The State still further alleged that the right to enter the football game was non-transferable from the owner of the ID card to any other person, and that defendant attempted to secure entry to a Louisiana State University football game by fraudulently representing himself as the person to whom the ID card was issued.
After the above answer was filed, defendant filed a Motion to Quash Based on Bill of Particulars predicated on the ground that the bill of particulars furnished by the District Attorney pursuant to the order of court showed that no crime had been committed.
A hearing was held on April 11, 1972; the trial court sustained the Motion to Quash. The State reserved a bill of exceptions and thereafter applied for the present writ.
Herein, the State argues that the trial court erred in ruling that the State’s bill of information as amplified by the bills of particulars and answers thereto failed to charge a crime.
*808 The State, relying on LSA-R.S. 14:2(2),[2] submits that something of value is involved in this prosecution. It further submits: “ * * * that there was certainly an attempted misappropriation since the card was issued not to the bearer or holder but to a specific individual. The mere possession of the card does not entitle the holder to the right to enter the football game. The State further contends that the attempted misappropriation was effected by means of fraudulent conduct practices and representations of the accused. The State has charged that the accused fraudulently represented himself as the individual to whom the card was issued and the purpose of this fraudulent representation was to secure the thing of value, to-wit: entry into the L.S.U. football game.”
The State’s contentions are without merit. We find that the instant matter addresses itself to the internal discipline of Louisiana State University. Cf. Student Gov. Ass’n. of L. S. U., Etc. v. Board of Sup’rs, 262 La. 849, 264 So.2d 916.
The ID card issued by Louisiana State University is not- transferable and specifically recites that it is not; the student owner of the instant card violated the terms of his contract with the University respecting the card by loaning it to the defendant, but this contractual violation was a matter to be handled by the University. Any discipline administered the student lender had to be imposed by the University ; admission to the football game at which the defendant presented himself was denied; the University protected itself against possible pretension.[3] Defendant did not see the game.
As stated supra, defendant did not steal the instant ID card from its owner or from the University; the price of the card had been paid by the student lender to the University; the space assigned to the card’s holder was reserved and could not be sold to another person. (We are not concerned with a game where an ID card is invalid). The loser was the student; he missed seeing the game. The University under the circumstances herein presented lost nothing.
*810 We,-- conclude that the defendant has committed no offense against the State for which he can be prosecuted and punished by the State; we further conclude that defendant’s conduct is not included within the provisions of LSA-R.S. 14:67 supra.
For the reasons assigned, the Writ of Certiorari is recalled; the Motion to Quash Based on Bill of Particulars is sustained; the ruling of the trial court is affirmed and the accused discharged.

. LSA-R.S. 14:67 provides: “Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
“Whoever commits the crime of theft when the misappropriation or taking amounts to a value of one hundred dollars or more, shall be imprisoned with or without hard labor, for not more than ten years or'may be fined not more than three thousand dollars, or both.
“When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be fined not more than one thousand dollars, or imprisoned with or without hard labor for not more than two years, or both.
“When there has been misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriation or takings shall determine grade of the offense.” Act 653 of 1972 amended the above statute; its provisions, however, recite that the Act shall not apply to any crimes committed before the effective date of the Act.

. “ ‘Anything oí value’ must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, and not necessarily as synonymous with the traditional legal term ‘property.’ ” LSA-R.S. 14:2(2).

. During the hearing of the Motion to Quash, the trial judge asked counsel, “Well, did your man, when he went through — when he attempted to go through the gates at L.S.U., represent himself as a student, do you know?” Counsel responded, “No, sir, he did not, that goes to the merits, and we will bring it out, and we will show, of course, that he did not represent himself as a student.”